**LAW OFFICE OF RICHARD JACOBS**
Richard Jacobs, Esq.
13512 Hatteras St.
Valley Glen, CA 91401
*Tel:* (818) 216-0663, *facsimile (*818)780-8696
richardjacobslaw@gmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 6757 DEL PLAYA LLC, a California Limited Liability Company; | Case No.: |
| | **COMPLAINT** |
| Plaintiff, | |
| v. | |
| THE COUNTY OF SANTA BARBARA; and DOES 1-100, | |
| Defendants | |

COMPLAINT - 1

Plaintiff complains against Defendants as follows:

## **PARTIES**

1. Plaintiff is a California Limited Liability Company.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant County of Santa Barbara is a county in the State of California.

3. The true names and capacities of defendants named as Doe 1 through Doe 100, inclusive, are presently unknown to Plaintiffs. Plaintiffs will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiffs are informed and believe, and on that basis alleges, that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

4. Plaintiffs are informed and believe, and on that basis allege, that at all relevant times each of the defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

5. Plaintiffs are informed and believe, and on that basis allege, that at all relevant times each of the defendants, whether named or fictitious, was the alter-ego of each of the other defendants, and in doing the things alleged to have been done in the Complaint, acted with a unity of interest such that the separate personalities of the corporate entity and the individual defendants do not in reality exist and honoring the separate entities would result in an inequitable result.

## **VENUE**

6. Venue is proper in the Central District of California because the action is one for inverse condemnation and related causes of action centered on property located in Santa Barbara County, California, which is located in the Central District's jurisdiction.

# GENERAL ALLEGATIONS

7. This case centers on the property located at 6757 Del Playa Dr., Goleta, CA 93117 (the "Property".)

8. Plaintiff owns the Property.

9. While the address is set in Goleta, the Property is actually in unincorporated Santa Barbara County.

10. Plaintiff is informed and believes, and thereon alleges, that the parcel next to the Property and providing lateral support for the Property is a park owned by Santa Barbara County (the "Park").

11. Plaintiff is informed and believes, and thereon alleges, that the Park has is collapsing.

12. Due to the collapse of the Park, the Property is now collapsing as well.

## ISSUES CAUSED BY THE COLLAPSE

13. Due to the collapse of the Property, the County has now taken various actions against the Property including, but not limited to:
   a. Red-tagging the Property
   b. Claiming that Plaintiff must now move or rebuild the structures on the Property further back from the collapsing bluff
   c. Claiming that Plaintiff is violating Code due to the collapsing bluff

14. The most recent communications with the County regarding this issue began on April 5, 2023.

15. On April 5, 2023, Carl Lindberg (Building Inspector for the County) emailed Plaintiff regarding the issues listed above.

16. Plaintiff emailed back the same day stating that the issues appear to have come from the lack of lateral support from the Park.

COMPLAINT - 3

17. Plaintiff offered to coordinate its actions with the County's repair of the Park.

18. Carl Lindberg emailed back stating "I know of no plan in the works to repair the bluff itself. The path to such a plan is difficult at best. Any plan would require approval by the Coastal Commission and I don't think that a plan proposal or approval is coming any time soon. The best option for owners along the bluff is to relocate the buildings closer to Del Playa [the street]."

19. Summarized, the County's Building Inspector confirmed that the County has no plan to fix the bluff at the Park.

## PLAINTIFF SUBMITTED THE REQUIRED GOVERNMENT TORT CLAIM FOR THE NON-TAKINGS CAUSES OF ACTION

20. On December 6, 2022, Plaintiff submitted a government tort claim to the County.

21. There was no response by the County.

22. Plaintiff called County Counsel multiple times to confirm in the County wanted to address the matter rather than force litigation.

23. There was no response to any of the calls.

24. On July 11, 2023, Plaintiff requested the name and email address of the County employee specifically handling the matter. The County provided the name Adriana de Bruin with the email address of adebruin@co.santa-barbara.ca.us.

25. This is the same email address listed for contact on the Santa Barbara County Counsel website.

26. Therefore, Plaintiff sent an email to Adriana De Bruin on July 11, 2023 regarding the claim. The email included a copy of the claim and a request for a return call or email or Plaintiff would be forced to file litigation.

27. There was no response.

28. Plaintiff sent a follow-up email on July 18, 2023 to Ms. De Bruin.

29. There was no response.

30. Therefore, Plaintiff is forced to file this litigation.

## FIRST CAUSE OF ACTION
### (Temporary Taking)

31. Plaintiff incorporates each of the allegations set forth in paragraphs 1 through 29.

32. In acting, and failing to act, as set forth above, the County has taken Plaintiff's property, without just compensation, in violation of the Fifth Amendment to the United States Constitution and Article I, § 19 of the California Constitution.

## SECOND CAUSE OF ACTION
### (Permanent Taking)

33. Plaintiff incorporates each of the allegations set forth in paragraphs 1 through 31.

34. In acting, and failing to act, as set forth above, the County has taken Plaintiff's property, without just compensation, in violation of the Fifth Amendment to the United States Constitution and Article I, § 19 of the California Constitution.

## THIRD CAUSE OF ACTION
### (Failure To Provide Lateral Support)

35. Plaintiff incorporates each of the allegations set forth in paragraphs 1 through 34.

36. As set forth above, the Park is now collapsing causing the collapse of the Property.

37. Plaintiff is informed and believes, and thereon alleges, that the collapse of the Property is the proximate result of the collapse of the Park.

38. Plaintiff is informed and believes, and thereon alleges, that the collapse of the Park has resulted in the failure to provide lateral support from the Park to the Property.

39. Plaintiff has been damaged by the failure to provide lateral support.

## FOURTH CAUSE OF ACTION
### (Negligence)

40. Plaintiff incorporates each of the allegations set forth in paragraphs 1 through 39.

41. As set forth above, the County is aware of the collapse of the Park and its impact on the Property, but is taking no action to cure the collapse.

42. This scenario is governed by *Lussier v. San Lorenzo Valley Water Dist.* (1988) 206 Cal.App.3d 92. The *Lussier* Court held: "where liability for the nuisance is predicated on the omission of the owner of the premises to abate it, rather than on his having created it, then negligence is said to be involved."

43. The County owes a duty of care to the neighboring property owners to provide lateral support.

44. The County has breached that duty of care.

45. Plaintiff was damaged by that breach.

46. The County's breach was a substantial factor in causing Plaintiff's damage.

## FIFTH CAUSE OF ACTION
### (Nuisance)

47. Plaintiff incorporates each of the allegations set forth in paragraphs 1 through 46.

48. Plaintiff is the owner of the Property.

49. The County, by acting and/or failing to act, created a condition or permitted a condition to exist that is:

a. Harmful to health;

b. An obstruction to the free use of the Property, so as to interfere with the comfortable enjoyment of life or property; and/or

c. Is a dangerous condition to the Property

50. The County's conduct in acting or failing to act was intentional and unreasonable, or unintentional but negligent, or reckless.

51. The condition created by the County is also the result of an abnormally dangerous activity, to wit, failing to shore up a collapsing bluff.

52. This condition substantially interferes with Plaintiff's use or enjoyment of the Property.

53. An ordinary person would reasonably be annoyed or disturbed by the County's conduct.

54. Plaintiff did not consent to the County's conduct.

55. Plaintiff was harmed.

56. The County's conduct was a substantial factor in casing Plaintiff's harm.

57. The seriousness of the harm outweighs the public benefit of the County's conduct.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a determination of a temporary taking and damages;
2. For a determination of a permanent taking and damages
3. For costs and fees of the suit;
4. For general and actual damages;
5. For injunctive relief;
6. For any other, further, or different relief as the Court may deem proper.

Dated this 19th day of July, 2023

_____
Richard B. Jacobs
Attorney for Plaintiff

## VERIFICATION

I, Ben Eilenberg, am the COO of Plaintiff in this action. If called upon to testify, I would and could competently do so of my own personal knowledge and do now declare as follows:

I have read the forgoing COMPLAINT and know its contents. The matters stated in it are true of my own knowledge, except for those stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury and under the laws of California that the foregoing is true and correct and that this verification was executed at Fullerton, CA on July 19, 2023.

*/s/ Ben Eilenberg*

Ben Eilenberg